Dawson v. Mann.

---

## DAWSON v. MANN.

1. **Contract: EVIDENCE.** Facts considered which were held sufficient to establish a contract as claimed.

2. **Estoppel: VOLUNTARY PAYMENT OF DISPUTED CLAIM.** Where, pending litigation to determine his liability, a party voluntarily pays a disputed claim, he is estopped to recover the money, even though the suit is determined in his favor.

*Appeal from Henry Circuit Court.*

THURSDAY, DECEMBER 5.

ACTION for the specific performance of a contract in relation to real estate. From the decree both parties appeal.

*Woolson & Babb*, for defendant and appellant.

*Palmer, Jeffries & Palmer*, for appellee.

SEEVERS, J.—One Thomas owned the patent title and the defendant a tax title to the premises in controversy. Thomas claimed he had the right to redeem from the latter, but there is no testimony tending to show whether this is true or not. The plaintiff, probably, so believed, for he purchased the interest of Thomas and agreed to pay him therefor five thousand eight hundred dollars, which was to be applied to the discharge of liens on the premises, including the tax title, and if there was any residue it was to be paid to Thomas.

The defendant, in addition to the tax title, owned or controlled a mortgage on the premises given to Esther A. Thomas. Negotiations were commenced between plaintiff and defendant for the purchase of the latter's title and interest, the result being, as claimed by the plaintiff, that the defendant sold him all the latter's title and interest for three thousand dollars. This included the Esther A. Thomas mortgage. The defendant claims that he only sold, or agreed to sell, on condition that the plaintiff should, in addition to the price paid, pay all liens on the premises, without regard to the amount. The amount of such liens, or to whom they are due, is not shown. Among such liens is what we shall, for convenience, designate as the Chandler mortgage, which the defendant purchased after the sale to the plaintiff. An action was brought thereon, and a decree entered foreclosing it. An execution was issued on the judgment, the premises sold to the defendant, and the period for redeeming from said sale expired in July, 1876. At the time the plaintiff purchased he paid the defendant two thousand dollars cash, and time was given to pay the other thousand. Previous to the commencement of this action the plaintiff tendered the defendant one thousand dollars, but he refused it, and declined to convey. It is averred in the petition that "all and every other sum of money" due the defendant, and, also, that the plaintiff "here tenders the said sum, the same being the sum due, with interest until the same was first before tendered." These averments were denied in the answer, and there is no proof on the subject.

This action was commenced in 1874. On the 19th day of July, 1876, being the last day on which redemption could be made under the sale made by virtue of the foreclosure of the Chandler mortgage, the plaintiff paid the clerk the exact sum required to redeem from said sale, and said clerk made the appropriate entries in his docket.

On the 23d day of July the defendant took and receipted to the clerk for such money. The decree was entered in the

court below in May, 1877. It was found and determined that plaintiff was entitled to a specific performance on the payment by him to the defendant of the sum of nine hundred and four dollars and twenty-one cents, and fifty-six dollars and eighty-five cents interest, and the costs were divided.

The propositions of fact and law it is deemed necessary to determine are:

I. What was the actual contract between the plaintiff and defendant? It was made by Woolson & Babb, acting for the defendant, and Palmer & Jeffries for the plaintiff. These gentlemen are attorneys, and were acting for their respective clients. Woolson & Babb were authorized to make the sale. At the time the contract was consummated by the payment of the two thousand dollars, a writing was executed and delivered to the defendant, which practically stated the contract, and when taken in connection with the undisputed testimony sufficiently indicates the property about which the parties were contracting. In fact, the only dispute is whether or not the plaintiff agreed to pay, in addition to the three thousand dollars, all liens on the premises. There is no testimony tending to show the plaintiff knew the extent of the liens. Nor does it appear certainly that they exceed five thousand eight hundred dollars, but we infer such is the case.

1. CONTRACT: evidence.

The plaintiff, in his contract with Thomas, limited the amount he was to pay. It is not, therefore, reasonable to infer that he agreed to pay the defendant an unlimited or unknown amount.

The testimony, outside of the writing, is conflicting; it may be the preponderance is with the defendant. But, taking the writing into consideration, and circumstances, we are of the opinion the preponderance is with the plaintiff.

No benefit would result should we take the time and space required to state our reasons for this conclusion.

II. The defendant insists that Woolson & Babb were special agents, and that he did not give them authority to

make the sale except on condition the plaintiff would pay all liens. We do not deem it necessary to determine this question.

III. We do not understand the defendant to complain that he does not receive under the decree all the money he is entitled to, but that he is thereby compelled to convey, and yet certain liens he insists the plaintiff contracted to pay remain unpaid. As the authority of the agents to contract, except on condition the liens were to be paid, has not been determined, this position demands attention. All the liens or claims due the defendant have either been paid or are to be before the conveyance is to be made. The parties to whom the other liens are due are not parties to this action, and any decision made would not, therefore, be binding on them. Possibly, if the contract was as the defendant claims, the holders of such liens can enforce them as well after the conveyance as before. It cannot be said with any certainty that an attempt will be made to enforce them. Therefore it is at least doubtful whether the defendant could resist a specific performance on this ground. When the defendant accepted the money paid in redemption of the Chandler sale he deprived himself of the right to resist a specific performance on this ground. It would be unjust and inequitable to permit him to keep that money and the land also. As against him the liens could not be enforced. They were all cut off by the tax title, which will be presumed valid in absence of any showing to the contrary. To the extent of five thousand eight hundred dollars the plaintiff obligated himself to pay in his contract with Thomas, and we know of no reason why this contract cannot be enforced after a conveyance by the defendant.

IV. The plaintiff, by voluntarily paying money for the purpose of redeeming the premises in controversy from the sale under the Chandler foreclosure, is estopped from recovering it back, even if the pleadings were so framed as to permit this to be done. It cannot be said to have been compulsorily paid; for, according to the plaintiff's theory, and his whole case is based

2. ESTOPPEL: voluntary payment of disputed claim.

thereon, he never obligated himself to do so. If his theory is correct he could obtain a specific performance as well without paying money to redeem the premises as by doing so. Evidently he was unwilling to rely on his own judgment and take the chances of a decision being made in his favor. There is no pretence that the redemption was made under mistake of fact. For the reasons stated he cannot have money so paid applied as a credit on or payment of money, he, but for this, admits to be legally due. If he cannot be allowed a credit for the money so paid, we do not understand him to object to the amount he is required by the decree to pay, except as to the fifty-six dollars and eighty-five cents allowed as interest, and this, we think, he was properly required to pay.

V. The defendant complains of that portion of the decree which requires him to pay a part of the costs. One of the issues has been found for the plaintiff, and, under the circumstances of this case, we cannot say the decree is erroneous in this respect.

The tender, it is true, was not kept good, but we think it was sufficient for the plaintiff to aver in this case a readiness to pay, and this the petition sufficiently and substantially does aver. The case will be affirmed on both appeals.

AFFIRMED.